**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| POWELL GREEN : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | Case No. 1:06CV01929 PLF |
| : | |
| WACHOVIA BANK, N.A., et al. : | |
| : | |
| Defendants : | |

**PLAINTIFFS' MOTION FOR REMAND**

Plaintiff Powell Green, by and through his undersigned counsel, respectfully moves pursuant to 28 U.S.C. § 1447(c) for an order remanding this case to the Superior Court of the District of Columbia.

**Introduction**

Plaintiff commenced this case in the Superior Court of the District of Columbia on October 6, 2006. The case resulted from embezzlement by forgery and ATM transactions of nearly $300,000 from Plaintiff's Wachovia bank account by an unauthorized family member. Plaintiff's complaint includes six substantive causes of action against Wachovia: Violations of Uniform Commercial Code § 3-403, 3-406 et seq., Violations of Uniform Commercial Code § 4-401 et seq., Breach of Contract, Negligence, Negligence *per se*, and Violations of the District of Columbia Consumer Protection Procedures Act. Wachovia removed the case to this Court pursuant to 28 U.S.C. § 1441 on November 13, 2006. Because Wachovia's co-defendant is a D.C. resident, there is no diversity between the parties. Therefore, the sole basis for

Wachovia's removal is federal question jurisdiction under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Because Plaintiff is concerned that the Court lacks subject matter jurisdiction under prevailing law, he is filing this Motion to Remand in order to obtain a ruling from this Court on the jurisdictional issue at an early stage of the proceeding.

**Discussion**

28 U.S.C. § 1441(b) provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States" may be removed from state to federal court. The removing defendant bears the burden of demonstrating that this Court has subject matter jurisdiction sufficient to support removal. *In re Tobacco/Governmental Health Care Costs Litig.*, 100 F. Supp. 2d 31, 34 (D.D.C. 2000). It is well-settled that where a case has been removed from state to federal court, the case must be remanded to the state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *Johnson- Brown v. 2200 M Street LLC*, 257 F. Supp. 2d 175, 177 (D.D.C. 2003). *See also Grupo Dataflux v. Atlas Global Group*, 124 S. Ct. 1920, 1924 (2004) (objection to subjection matter jurisdiction may be raised at any time before final judgment). Removal jurisdiction is to be strictly construed, and the Court is required to resolve all doubts about its jurisdiction in favor of remand to state court. *See, e.g., Nwachukwu v. Karl*, 223 F. Supp. 2d 60, 66 (D.D.C. 2002) (citing *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100 (1941)).

When these principles are applied to the instant case, Plaintiff doubts that federal jurisdiction exists. Each count of the Complaint arises under the statutory or common law of the District of Columbia. The only Count which implicates federal law in any way is Count V – Negligence *per se*. In that Count, Plaintiff alleges that Wachovia's failure to comply with its duties under the Electronic Funds Transfer Act ("Act") with regard to the fraudulent ATM transactions constitutes negligence *per se* under D.C. law. Plaintiff does not seek a direct remedy under the Act, and the Act does not create the cause of action.

In a case such as this, where the federal law does not create the cause of action, the Supreme Court has recognized that federal question jurisdiction may still be appropriate "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9 (1983). A federal court will exercise jurisdiction where "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *See McNeill v. Franke,* 171 F.3d 561, 563 (8th Cir.1999). While Count V is dependent upon a proof of violation of the Act, the issue is whether that alone creates an issue substantial enough to confer jurisdiction.

This matter bears resemblance to the case of *Harding-Wright v. District of Columbia Water Authority*, 350 F.Supp.2d 102 (D.D.C. 2005), in which the plaintiff brought suit against the municipal water authority for failure to provide safe drinking water. This Court (Kennedy, J.) found that the only count implicating federal law was the one in which plaintiff claimed that defendant was negligent *per se* in failing to comply with regulations promulgated under the federal Safe Water Drinking Act. While

3

acknowledging that proof of violation of federal law was a necessary element of this cause of action, the Court held that this alone was insufficient to confer federal question jurisdiction where an alternative theory of negligence was pled by the plaintiff which "emerge[d] from the same nexus of facts." *Id.* at 105.

Just as in *Harding-Wright*, in this case Plaintiff has pled a negligence action based upon a breach of duty under D.C. common-law, and a negligence *per se* action based on a breach of duty under federal law, both arising from the same nexus of facts – unauthorized ATM transactions. Granted, the negligence count is broader in that it includes negligence relating to the ATM transactions *and* the forged checks, while the negligence *per se* action is based only on negligence relating to the fraudulent ATM transactions. But as in *Harding-Wright*, it would seem that "the only salient difference under the two theories is the nature of the duty that defendant owes plaintiffs -- a state common law duty of care with respect to the negligence … or a statutory duty to comply with the [federal regulation] for negligence per se." *Id.* The Court did not find federal question jurisdiction existed in the *Harding-Wright* case, and for the same reasons it appears that this Court lacks federal question jurisdiction in this case.[1]

---

[1] The most often-cited case on this issue generally appears to be *Merrell Dow Pharmaceuticals v. Thompson,* 478 U.S. 804 (1986) in which the Supreme Court held that a negligence claim based on a manufacturer's alleged violation of the Federal Food, Drug, and Cosmetic Act ("FDCA") did not present federal question jurisdiction. Although instructive on interpretation of federal question jurisdiction in general, this case differs from the case at bar in that the Court's conclusion relies heavily on the fact that the FDCA does not have a remedy provision. In contrast, the Electronic Funds Transfer Act does have a remedy provision, although Plaintiff has not availed itself of the remedy in this lawsuit and the remedy is unrelated to the negligence *per se* count. Courts have recognized that despite the *Merrell Dow* ruling, "[t]he existence of a private cause of action in a federal statute does not, as Defendant would hope, automatically create federal question jurisdiction . . . ." in holding that such jurisdiction may not exist even where federal statutes afford remedies to the plaintiff. *Coil v. Recovery Management Corp.,* 2005 WL 1182366 (W.D. Mo. 2005)(*citing McNeil v. Franke*, 171 F.3d 561, 564 (8th Cir. 1999)); *see also Wagner v. Regent Investments, Inc.*, 903 F.Supp. 966 (E.D.Va.,1995) (negligence and negligence *per se* counts premised upon violations of the Americans with Disabilities Act

4

**Conclusion**

For the foregoing reasons, the Plaintiff respectfully requests that this matter be remanded to the Superior Court for the District of Columbia.

Respectfully Submitted,

**POWELL GREEN**
By Counsel

\_\_\_/s/ Dawn C. Stewart_____
Dawn C. Stewart, Esq. (DC Bar No. 458555)
Donna H. Henry, Esq. (DC Bar No. 414599)
STEWART & HENRY, PLLC
1050 Connecticut Ave., N.W.
Tenth Floor
Washington, DC 20036
(202) 772-1080
Fax: 202-521-0616


\_\_\_/s/_____
Amy R. Mix, Esq. (DC Bar No. 483483)
James T. Sugarman, Esq. (DC Bar No. 465885)
AARP Legal Counsel for the Elderly
601 E Street, NW
Washington, DC  20049
202.434.2171
Fax: 202.434.6464

Counsel for Plaintiff

---

insufficient to confer federal question jurisdiction even though remedies for violation are provided for in the Act).

5

**<u>Certificate of Service</u>**

The foregoing was sent via overnight delivery or electronic means this 1st day of December, 2006 to:

>Grady C. Frank, Jr., Esq.
>TROUTMAN SANDERS LLP
>1660 International Drive, Suite 600
>McLean, VA  22102
>
>Betty Green
>3298 Fort Lincoln Drive # 908
>Washington, D.C. 20018

        _____/s/ Dawn C. Stewart_____