IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **POWELL GREEN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:06CV01929 PLF |
| | ) | |
| **WACHOVIA BANK, N.A.,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT WACHOVIA BANK, N.A'S RULE 26(a)(1) INITIAL DISCLOSURES**

Defendants Wachovia Bank, N.A. ("Wachovia"), by counsel, states as follows for its Rule 26(a)(1) initial disclosures:

**Preliminary Statement**

These disclosures are based on the best available information known to Wachovia and/or Wachovia's counsel as of the date of their submission. In some cases, the information represents knowledge of counsel and should not be assumed to be within the personal knowledge of any particular employee of Wachovia. The phraseology and word choice of written disclosures is that of counsel and not the verbatim language of a specific representative of Wachovia. Moreover, Wachovia's disclosures may be supplemented as the discovery process continues and Wachovia discovers additional relevant information.

A.   **Individuals Likely To Have Discoverable Information**

Pursuant to Rule 26(a)(1)(A), the following individuals are likely to have discoverable information that Wachovia may use to support its defenses:

1.   Powell Green and his attorneys, including Richard Treanor, Esquire. Powell Green is the Plaintiff in this action, and he and his attorneys are aware of facts and allegations

regarding his Crown Classic Banking checking account number ending 1587 ("Checking Account") and the High Performance Money Market account number ending 9460 ("Money Market Account") (collectively, the "Accounts") at Wachovia, and his allegations regarding the nature of his damages.

2. John Green. John Green is brother of Powell Green and the joint account for the Accounts, and is aware of facts regarding the Accounts.

3. Betty Green. Defendant Betty Green is the sister-in-law of Powell Green, wife of John Green, and is alleged to have fraudulently forged checks and made unauthorized transactions from the Accounts. She is aware of facts regarding the Accounts and the allegations contained in the Complaint.

4. Various present employees or former employees of Wachovia Corporation who work or worked at the subject branch location, identified by Plaintiff as the Fort Lincoln Branch, 2119 Bladensburg Road, N.E., Washington, DC 20018. These persons may have information related to the Accounts and Wachovia's knowledge of and response to the forgeries alleged in the Plaintiff's Complaint. These individuals are to be contacted only through Wachovia's counsel. These individuals include, but are not limited to: Denita Lester Thompson, Officer, Customer Relations Manager.

5. All persons identified by Plaintiff in his Rule 26(a)(1) Initial Disclosures, including all persons identified in any documents produced to Wachovia by Plaintiff.

6. Wachovia reserves the right to identify additional individuals as discovery and its investigation continue. Wachovia further reserves the right to supplement these disclosures upon receiving additional information concerning the nature of Plaintiff's claims and alleged damages.

**B.  A Description of All Documents, Data Compilations, and Intangible Things Defendant May Use to Support Its Defenses.**

Pursuant to Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure, Wachovia discloses the following description of all documents, data compilations, or tangible things that are in its possession, custody or control that it may use to support its defenses:

1. Deposit Agreement and Disclosures for Personal Accounts, effective through April 1, 2003.

2. Customer Access Agreements

3. Replacement Statements for the Accounts

4. Financial Center Details – Fort Lincoln Financial Center and Langley Financial Center

This response will be supplemented as additional information becomes available.

**C.  Damages**

Pursuant to Rule 26(a)(1)(c), Wachovia states as follows for its computation of any category of damages, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:

This disclosure is directed to Plaintiff and is not applicable to Wachovia.

**D.  Insurance**

Pursuant to Rule 26(a)(1)(D), Wachovia states that it had no insurance policy in effect on October 20, 2004.

### E.    Privileged Materials

Pursuant to Rule 26(b) of the Federal Rules of Civil Procedure, Wachovia is withholding from production all documents protected by the attorney-client privilege and work product doctrine, including:

1. All documents reflecting or relating to communications between Wachovia, its agents, and/or its counsel;

2. Attorneys' notes; and

3. All documents and things gathered and/or prepared in anticipation of litigation or for trial.

WACHOVIA CORPORATION


By:   /s/ Grady C. Frank, Jr.
         Of Counsel

Grady C. Frank, Jr., DC Bar No. 433469
TROUTMAN SANDERS LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
Telephone:  (703) 734-4334
Facsimile:  (703) 734-4340

*Counsel for Defendant Wachovia Bank, N.A.*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 11th day of December, 2006, a true copy of the foregoing was mailed via first-class mail, postage prepaid, to:

Dawn C. Stewart, Esq.
Donna H. Henry, Esq.
Stewart & Henry, PLLC
1050 Connecticut Avenue, N.W.
Tenth Floor
Washington, DC 20036

Amy R. Mix, Esq.
James T. Sugarman, Esq.
AARP Legal Counsel for the Elderly
601 E Street, N.W.
Washington, DC 20049

                        /s/ Grady C. Frank, Jr.

309661