IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| POWELL GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 1:06CV01929 PLF |
| | ) |
| WACHOVIA BANK, N.A., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT WACHOVIA BANK, N.A'S**
**OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant Wachovia Bank, N.A. ("Wachovia" or the "Bank"), by counsel, states as follows for its opposition to Plaintiff's motion to remand:

**BACKGROUND**

Plaintiff's Complaint against Wachovia alleges six claims: (1) violations of the Uniform Commercial Code § 3-403, 3-406, *et seq.*, (2) violations of the Uniform Commercial Code § 4-401, *et seq.*, (3) breach of contract, (4) negligence, (5) negligence *per se* premised upon a violation of the federal Electronic Funds Transfer Act ("EFTA"), and (6) violations of the District of Columbia Consumer Protection Procedures Act. Wachovia's removal from the Superior Court of the District of Columbia is founded on federal question jurisdiction, pursuant to 28 U.S.C. § 1331, as the Court must necessarily interpret and construe a federal statute, the EFTA, to determine whether there is negligence *per se*. If the Court finds that it has original jurisdiction to hear this action, then, pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction to hear Plaintiff's remaining claims.

# ARGUMENT

**A.    Removal is appropriate where the federal question appears from the face of Plaintiff's Complaint.**

State court actions which originally could have been filed in federal court may be removed to federal court by the defendant pursuant to 28 U.S.C. § 1441. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Section 1441 provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Where there is no diversity of citizenship, as here, removal under § 1441 depends on whether the action is one "arising under the Constitution, laws, or treaties of the United States," as set forth in 28 U.S.C. § 1331.

The question of whether a claim "arises under" federal law must be determined generally by reference to the "well-pleaded complaint" rule, which provides that the federal question must appear from "plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)). "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Id.* at 10 (quoting *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936)). Here, Plaintiff's Complaint alleges that Wachovia has violated the duties set forth in the EFTA, which is a necessary determination to be made in deciding whether Wachovia has committed negligence *per se* as alleged. Thus, Plaintiff's Complaint raises what Justice Frankfurter termed the "litigation-provoking problem," *Textile Workers v. Lincoln Mills*, 353

U.S. 448, 470 (1957) (dissenting opinion) – the presence of a federal issue in a state-created cause of action.

> B. Removal is appropriate here because determination of Plaintiff's negligence *per se* claim necessarily requires construction and interpretation of the EFTA.

A case may arise under federal law "where the vindication of a right under state law necessarily turned on some construction of federal law." *Franchise Tax Board*, 463 U.S. at 9. Here, Plaintiff's right to relief under state law requires resolution of a question of federal law. If the Court finds no violation of EFTA, then no violation of state law could be found to have occurred. This case is most similar to *In the Matter of the Application of the State of New York* v. *Citibank*, 537 F. Supp. 1192 (S.D.N.Y. 1982), in which the U.S. District Court for the Southern District of New York denied the State Attorney General's motion to remand a case requiring interpretation and construction of EFTA. The Court denied the motion to remand because "Congress has in its jurisdictional statutes made the federal courts an available and preferred forum for federal law issues, when a plaintiff's claim depends upon their resolution." *Id.* at 1197. Federal jurisdiction is necessary to protect against inconsistent interpretation of a federal statutory scheme. This is particularly so in the field of banking where Congress has legislated from the days of *McCulloch v. Maryland*, 17 U.S. 316, 325-26 (1819), creating an extensive federal statutory and regulatory scheme. *See Bank of America v. San Francisco*, 309 F.3d 551, 558 (9th Cir. 2002).[1] Here, Plaintiff's claim of negligence *per se* depends upon a finding that the EFTA was violated, which requires the interpretation and construction of federal law. Because

---

[1] The "history of national banking legislation has been 'one of interpreting grants of both enumerated and incidental 'powers' to national banks as grants of authority not normally limited by, but rather ordinarily pre-empting, contrary state law.'" *Bank of America,* 309 F.3d at 558. Although the EFTA does not completely preempt state law because Congress did not intend the EFTA to annul, alter, or affect state laws relating to electronic fund transfers, "except to the extent that those laws are inconsistent" with the EFTA, noting that a state law is not inconsistent with EFTA if the state law affords consumers greater protection than EFTA, 15 U.S.C. § 1693q, the EFTA does present a substantial federal question in a field where Congressional regulation has been pervasive and predominate for much of the country's history.

resolution of the federal question is necessary to determining the state law action, removal to the federal courts is appropriate.

    **C.    Plaintiff's claims of negligence and negligence *per se* do not emerge from the same nexus of facts, and thus cannot be considered alternative theories of liability.**

Plaintiff's motion to remand heavily relies on the case of *Harding-Wright v. District of Columbia Water Authority*, 350 F. Supp. 2d 102 (D.D.C. 2005). In that case, Plaintiff sued, claiming, *inter alia,* negligence and negligence *per se*, alleging that the municipal water authority had failed to provide safe drinking water. *Id.* at 104. Plaintiff's negligence *per se* claim was premised upon the defendant delivering water exceeding the "Lead Action Level" established by the Environmental Protection Agency rules, pursuant to the Safe Drinking Water Act, 42 U.S.C. § 300g, *et seq. Id.* at 105, n. 3. This Court remanded the suit to state court because it found that these theories were alternative theories of liability, based on the same injuries, same causation, and same unlawful actions or omissions. *Id.* at 105. Here, Plaintiff's negligence claim rests not upon administrative rules, but upon interpretation of a federal statute itself. Plaintiff's negligence *per se* claim is premised upon the Bank's alleged violation of federal law by failing "to make only proper debits from the Accounts for the use of an ATM card" and to refund Plaintiff "upon notice of such improper debits." *See* Complaint ¶ 56. Moreover, as opposed to the factual allegations in *Harding-Wright*, Plaintiff's federal claim stems from a set of independent allegations of fact. Resolution of Plaintiff's negligence *per se* claim requires the interpretation and construction of federal law; accordingly, this Court has original jurisdiction to entertain this action to ensure consistent interpretation of the federal statutory scheme.

4

## CONCLUSION

For the foregoing reasons, Defendant Wachovia Bank, N.A., respectfully requests that Plaintiff's Motion to Remand be denied.

WACHOVIA CORPORATION


By: /s/ Grady C. Frank, Jr.
      Of Counsel

Grady C. Frank, Jr., DC Bar No. 433469
TROUTMAN SANDERS LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
Telephone: (703) 734-4334
Facsimile: (703) 734-4340
*Counsel for Defendant Wachovia Bank, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of December, 2006, a true copy of the foregoing was mailed via first-class mail, postage prepaid, to:

Dawn C. Stewart, Esq.
Donna H. Henry, Esq.
Stewart & Henry, PLLC
1050 Connecticut Avenue, N.W.
Tenth Floor
Washington, DC 20036

Amy R. Mix, Esq.
James T. Sugarman, Esq.
AARP Legal Counsel for the Elderly
601 E Street, N.W.
Washington, DC 20049

      /s/ Grady C. Frank, Jr.

311061