**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

|  |  |
|---|---|
| POWELL GREEN, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) Civil Action No. 06-1929 (EGS) |
| v. | ) |
|  | ) |
| WACHOVIA BANK N.A., *et al.*, | ) |
|  | ) |
| Defendants. | ) |

---

**MEMORANDUM OPINION**

Plaintiff Powell Green brings this action against defendants Wachovia Bank, N.A. ("Wachovia") and Betty Green, seeking damages due to Betty Green's forgery, fraud, and theft of plaintiff's Wachovia bank accounts. Plaintiff brings claims under the Uniform Commercial Code and District of Columbia Consumer Protection Procedures Act, as well as for breach of contract, negligence, negligence per se, fraud, and conversion. Currently pending before the Court is plaintiff's motion to remand the case to the Superior Court for the District of Columbia. Upon consideration of the motion, the response thereto, the applicable law, and the entire record, the Court determines that it lacks jurisdiction over this case. Therefore, for the reasons stated herein, plaintiff's motion is **GRANTED**.

Plaintiff originally brought suit in Superior Court, filing his complaint on October 6, 2006. Plaintiff alleges that in 2003

1

and 2004, Betty Green stole approximately $288,000 from plaintiff's Wachovia bank accounts through unauthorized withdrawal, checking, transfer, and ATM transactions. Plaintiff seeks compensatory and punitive damages from both defendants under several claims. Defendant Wachovia removed the case to federal court on November 13, 2006. Defendant's removal is premised upon Count V in the complaint, which is a claim of negligence per se based upon the federal Electronic Funds Transfer Act ("EFTA"), 16 U.S.C. § 1693 *et seq*. Plaintiff's motion to remand argues that removal was improper because this Court lacks subject matter jurisdiction.

## ANALYSIS

Defendant removed this action to federal court pursuant to 28 U.S.C. § 1441(b), which provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). Defendant asserts that Count V of the complaint states a claim "arising under" federal law, specifically the EFTA. Count V alleges that Wachovia owed duties to plaintiff under the EFTA – to make only proper debits from his accounts from the use of an ATM card and to refund all amounts that were transferred through unauthorized use of an ATM card – and that Wachovia's failure to

2

comply with these duties constitutes negligence per se.  Compl.
¶¶ 55-60.  The parties agree that this claim is a state-created
cause of action.[1]

When a federal district court determines at any time prior
to final judgment that it lacks jurisdiction over a case that has
been removed from state court, the district court must remand the
case to the state court.  28 U.S.C. § 1447(c); *Republic of
Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir.
2002).  In this situation, the Court is required to construe its
jurisdiction narrowly, and resolve any doubts about the existence
of jurisdiction in favor of remand.  *Harding-Wright v. Dist. of
Columbia Water & Sewer Auth.*, 350 F. Supp. 2d 102, 104 (D.D.C.
2005).  Because defendant Wachovia is the party asserting federal
jurisdiction, it bears the burden of proving that jurisdiction.
*See id.*

The "vast majority" of the cases that arise under federal
law are those where the cause of action is actually created by
federal law.  *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804,
808 (1986);  *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th
Cir. 2004) (en banc).  There is, however, a "small class of cases
where, even though the cause of action is not created by federal
law, the case's resolution depends on resolution of a federal

---

[1]  The District of Columbia is treated as a state for
purposes of removal jurisdiction.  *See* 28 U.S.C. § 1451.

question sufficiently substantial to arise under federal law."
*Dixon*, 369 F.3d at 816; *Bhagwanani v. Howard Univ.*, 355 F. Supp.
2d 294, 298 (D.D.C. 2005).  The dispositive question here is
whether the claim in Count V falls within the "small class of
cases" where there is federal question jurisdiction even though
the cause of action is created by state rather than federal law.

In *Merrell Dow*, the Supreme Court addressed whether a state
law negligence claim could be removed to federal court because it
arose under federal law, where the plaintiff alleged that the
defendant's violation of the branding requirements of the federal
Food, Drug and Cosmetic Act ("FDCA") gave rise to a rebuttable
presumption of negligence in the underlying tort action.  478
U.S. at 805-06.  Emphasizing that Congress had not created a
private remedy in the FDCA for a violation of the federal
branding rules, the Court held that "the congressional
determination that there should be no federal remedy for the
violation of this federal statute is tantamount to a
congressional conclusion that the presence of a claimed violation
of the statute as an element of a state cause of action is
insufficiently 'substantial' to confer federal-question
jurisdiction."  *Id.* at 814.  In the wake of *Merrell Dow*, federal
courts have developed a two-part analysis for determining whether
a state law cause of action can serve as a basis for federal
removal jurisdiction: the removing party must show "(1) that the

plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial." *Dixon*, 369 F.3d at 816; *Bhagwanani*, 355 F. Supp. 2d at 299.  The defendant in this case cannot satisfy either part of the test.[2]

With regard to the first part, a "plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when every legal theory supporting the claim requires the resolution of a federal issue." *Dixon*, 369 F.3d at 816.  "[I]f a claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not establish such jurisdiction, then federal subject matter jurisdiction does not exist." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 153 (4th Cir. 1994) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 811 (1988)).  Thus, if negligence and negligence per se are merely alternative theories under which a defendant may be found liable for the same underlying conduct, then the presence of a federal question in the negligence per se claim alone is not sufficient to create federal question jurisdiction.

---

[2]  Defendant relies on *State of New York v. Citibank, N.A.*, 537 F. Supp. 1192 (S.D.N.Y. 1982), for the proposition that there is federal jurisdiction over state claims that depend on the EFTA.  This case, however, is unpersuasive because it was decided before the Supreme Court substantially clarified the law in this area in *Merrell Dow*.

*Id.* at 153-54; *Harding-Wright*, 350 F. Supp. 2d at 105-06.  In this case, Count IV in the complaint is a claim of negligence alleging that Wachovia breached its duty of care in accepting the unauthorized transactions made through the ATM card and other means.  Compl. ¶¶ 49-54.  This alternative theory of liability, which rests solely on state law, seeks to hold Wachovia liable for the same underlying conduct as Count V.  Therefore, federal jurisdiction does not exist because plaintiff's right to relief does not necessarily depend on federal law.  *See Mulcahey*, 29 F.3d at 153-54; *Harding-Wright*, 350 F. Supp. 2d at 106.[3]

With regard to the second part, "a complaint alleging a violation of federal law as an element of a state cause of action does not raise a substantial question of federal law when 'Congress has determined that there should be no private, federal cause of action for the violation.'"  *Bhagwanani*, 355 F. Supp. 2d at 299 (quoting *Merrell Dow*, 478 U.S. at 818).  "[E]ven when Congress does create a private cause of action for the violation of a federal law," if a "particular plaintiff is barred from bringing the private, federal cause of action, either substantively or procedurally, no federal subject matter

---

[3]  Defendant distinguishes this case from *Harding-Wright* because this case involves the interpretation of a federal statute as opposed to a federal regulation.  This difference is immaterial, however, as courts have found that federal jurisdiction may not exist in either case.  *See Merrell Dow*, 478 U.S. at 805-06; *Mulcahey*, 29 F.3d at 150.

jurisdiction exists over that plaintiff's state cause of action predicated on a violation of the same federal law." *Dixon*, 369 F.3d at 819; *see Bhagwanani*, 355 F. Supp. 2d at 299-300; *Harding-Wright*, 350 F. Supp. 2d at 106-07.  The EFTA does create a private cause of action for damages against both financial institutions and other individuals.  *See* 15 U.S.C. §§ 1693h, 1693m.  The liability of financial institutions, however, does not appear to extend to plaintiff's claim that the bank improperly executed unauthorized transactions.  *See* § 1693h(a) (allowing damages only for claims that the institution failed to execute a proper transaction).  Since the EFTA did not create a private cause of action that encompasses plaintiff's claim, federal jurisdiction does not exist.

## CONCLUSION

The Court concludes that it lacks subject matter jurisdiction over Count V, and thus the entire case.  Therefore, plaintiff's motion to remand is **GRANTED** and this case is **REMANDED** to the Superior Court for the District of Columbia.  An appropriate Order accompanies this Memorandum Opinion.


Signed:    **Emmet G. Sullivan**
           **United States District Judge**
           **May 2, 2007**